■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESSE COOPER, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, entered December 14, 1964, which denied without a hearing his application to vacate a judgment of said court rendered May 24, 1963, on his plea of guilty, convicting him of robbery in the second degree and imposing sentence. Order reversed on the law and the facts, and proceeding remitted to County Court, Nassau County, for the purpose of: (a) holding a hearing and taking proof on the issue of the defendant's sanity at the time of his plea and sentence; and (b) making a determination on the basis of all the proof adduced. The defendant's affidavit in support of his application raised, *inter alia*, the claim that he was insane at the time of the plea. It appears that by memorandum, dated March 19, 1963, the County Court denied a motion by defendant for a private psychiatric examination and for certain hospital records, "without prejudice to the defendant renewing same after the report of his examination by the Psychiatric Consultation Clinic for the County of Nassau has been submitted". There is no evidence that such an examination or report was ever made. Nevertheless, in less than two weeks after this memorandum, to wit, on April 1, 1963, defendant withdrew his plea of not guilty and entered a plea of guilty. Under these circumstances, the application should not have been denied without a hearing as to whether defendant was insane at the time of the plea (*People* v. *Brown*, 13 N Y 2d 201; *People* v. *Boundy*, 10 N Y 2d 518). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ . THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT FOLEY, Appellant.— In a *coram nobis* proceeding, defendant appeals from so much of an order of the Supreme Court, Queens County, entered March 30, 1965, on reargument, as denied without a hearing his application to vacate a judgment of said court, entered April 10, 1964 on his plea of guilty, convicting him of robbery in the second degree and imposing sentence. Order, insofar as appealed from, affirmed (*People* v. *Dash*, 16 N Y 2d 493; *People* v. *Griffin*,